## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THOMAS HOFFMAN, ET AL.

                              Plaintiffs,

        v.                                        Case No. 5:25-cv-04003-HLT-BGS

U.S. DEPARTMENT OF TREASURY, ET AL.

                              Defendants.

---

## Motion to Dismiss

The Board of County Commissioners of the County of Jackson (BOCC), Keith Kelly, Mark Pruett, and Linda Gerhardt move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Plaintiffs here lack Article III standing and this court lacks subject matter jurisdiction. As to the BOCC, plaintiffs seek the following relief:

10. Declare that County Defendants violated K.S.A. § 19-2964 because the Solar Resolution is an unreasonable exercise of the BOCC's zoning authority.

11. Set aside the Solar Resolution as an unreasonable amendment of the Jackson County zoning regulations under K.S.A. § 19-2964.

12. Issue a final, permanent injunction preventing County Defendants from implementing, enforcing, or relying on the Solar Resolution.

*Doc. 22,* p. 51.

Further, Plaintiffs fail to name the real party in interest. Pursuant to Fed. R. Civ. P. 17(b)(3), capacity to sue or be sued for an individual acting in a representative capacity is determined is determined "by the law of the state where the court is located," Rather than naming the individual members of the BOCC in their representative capacity, Kansas statute directs that suits against county the BOCC is to be named, not the individual commissioners. K.S.A. 19-105 ("In all suits

or proceedings by or against a county, the name in which the county shall sue or be sued shall be "The board of county commissioners of the county of _____").

## I.    This Court lacks subject matter jurisdiction over the claims against the Jackson County Defendants. Plaintiffs lack standing and there is no case or controversy.

Article III of the United States Constitution restricts jurisdiction of the federal courts to adjudication of actual cases or controversies. *Utah Ass'n of Cntys. v. Bush*, 455 F.3d 1094, 1098 (10th Cir. 2006). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742 635 (1995) (alteration in original) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230–31 (1990)). Thus, the court has the obligation to satisfy itself as to jurisdiction at every stage of the proceeding without regard to whether it was raised by the parties. *Alexander v. Anheuser-Busch Cos., Inc.*, 990 F.2d 536, 538 (10th Cir. 1993).

"The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). To maintain suit in federal court, plaintiffs must demonstrate (1) injury, (2) caused by the conduct about which they complain, (3) that is redressable. *Lujan v. Defnders of Wildlife*, 504 U.S. 555, 560–61 (1992). Standing is evaluated as of the time a case is filed and, if the case has progressed, "in light of all the evidence we now have." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1161 (10th Cir. 2023).

The first element requires that plaintiffs suffered an injury in fact, which is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Lujan*, 504 U.S. at 560.

The second element for standing is causation—*i.e.*, whether the conduct complained of is fairly traceable to the challenged action of defendant, and not the result of independent action by

some third party that is not before the Court. *Lujan*, 504 U.S. at 560.

The third element, redressability, requires that it be likely (not merely speculative) that decision favorable to plaintiff will redress their injury. *Id*. at 561. If, however, a separate statute not challenged by plaintiffs their conduct, decision for plaintiffs may not redress their alleged injury. *See Bishop v. Smith*, 760 F.3d 1070, 1078 (10th Cir. 2014) (injury not redressable when unchallenged legal obstacle is enforceable separately and distinctly from challenged provision).

The necessary elements for standing are lacking: (1) there is no injury in fact—Jackson County has not adopted solar regulations, let alone issued a permit for a solar project; and (2) the complained of conduct, issuance of tax credits without an Environmental Impact Statement under NEPA, is not attributable to Jackson County—the issuance or lack of issuance of tax credits has nothing to do with local land use regulations or permits and NEPA does not apply to Jackson County.

Plaintiffs purport to invoke supplemental jurisdiction under 28 U.S.C. § 1367. *See Doc. 122*, ¶ 48 ("This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy, as the state law claims arise out of the same nucleus of operative facts as the federal claims."). Section 1367(a) provides:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Plaintiffs APA claims against the federal defendants are mot so related as to permit supplemental jurisdiction of claims under state law. The claims against the federal defendants pertain to the propriety (or lack) of issuance of federal tax credits whereas the claims against the Jackson County

defendants relate to *draft* zoning regulations, that *might* someday be adopted, that *might* someday result in the application for a conditional use permit to construct a solar energy project, that *might* someday result in plaintiffs being "aggrieved" parties entitled to judicial review under K.S.A. 12-760. The adoption of regulations and procedures for issuance of tax credits are not related to legislative decisions by a Kansas county to *consider* the adoption of land use regulations applicable to solar energy.

Plaintiffs' allegation that the BOCC "initiated approval for regulations allowing utility-scale industrial solar projects in Jackson County without any NEPA review," *Doc. 122*, ¶ 82, doesn't get Plaintiffs over the hump for supplemental jurisdiction as NEPA does not apply to the BOCC. NEPA applies to *federal agencies*, not counties. 42 U.S.C. § 4332.

II      **Plaintiffs have no injury. Jackson County has taken no final action subject to judicial review and the statute upon which they rely, K.S.A. 19-2964, does not apply to Jackson County, Kansas.**

       A.      **K.S.A. 19-2964, does not apply to Jackson County, Kansas.**

       Plaintiffs allege:

       K.S.A. § 19-2964 requires County Commissioners to enact reasonable zoning acts,
       regulations, or amendments and provides a cause of action under K.S.A. § 19-233
       [*sic*] for Kansas residents who have an interest in property affected by zoning acts,
       regulations, or amendments that fail to meet the reasonableness standard.

*Doc. 122*, ¶ 116. Not so as K.S.A. 19-2964 applies to designated urban areas—not to Jackson County.

       K.S.A. 19-2964 and K.S.A. 12-760 are parts of two different zoning schemes. The former applies specifically to Johnson County and designated urban areas. The latter applies to other cities and counties.

              In 1984, the Legislature enacted a statutory scheme for planning and zoning
       in urban areas. *See* K.S.A. 19-2956 *et seq*. The purpose of the act was "to authorize
       *any county designated as an urban area under the provisions of K.S.A. 19-2654 ...*
       to prepare and adopt plans and land use regulations with multiple advisory bodies

so as to bring unity, consistency and efficiency to the county's planning efforts." (Emphasis added.)

> K.S.A. 2018 Supp. 19-2654(a) declares: "The area comprising Johnson [C]ounty is hereby designated as an urban area as permitted by section 17 of article 2 of the constitution of the state of Kansas." That urban area designation for Johnson County was in effect at all times relevant to this case. As of July 1, 2018, Sedgwick County was added to K.S.A. 19-2654 as the second urban area. K.S.A. 2018 Supp. 19-2654(b). K.S.A. 19-2964 is the section of that 1984 urban area legislation that permits appeals to the district court to challenge the reasonableness of acts and regulations for planning and land use and prescribes the procedure for doing so. K.S.A. 12-760, under which the Scanlons proceeded, performs the parallel function in the statutory planning and zoning provisions for other, non-"urban area" counties. See K.S.A. 12-741 et seq.

*Diane E. v. Bd. of Cnty. Commissioners of Johnson Cnty.*, No. 119,127, 2019 WL 1087040, *2

(Kan. Ct. App. March 8, 2019).

K.S.A. 19-2964 provides:

> Any person having an interest in property affected may have the reasonableness of any such act, regulation or amendment thereto determined by bringing an action against the board of county commissioners in the manner set out in K.S.A. 19-223, and amendments thereto, within 30 days after the making of a decision on such act, regulation or amendment. Such action shall be brought in the district court of the county.

K.S.A. 19-2964 was first enacted in 1984 "to authorize any county designated as an urban area

under the provisions of K.S.A. 19-2654" to adopt land use regulations. L. 1984, ch. 96, § 9

(codified at K.S.A. 19-2964). *See* L. 1984, ch. 96, § 1 (codified at K.S.A. 19-2956).

Even if Jackson County, Kansas were designated an urban area, plaintiffs have no cause of

action. K.S.A. 19-223 (not 19-233) provides:

> Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant.

First, K.S.A. 19-223 does not afford jurisdiction to the federal courts. These provisions to not

provide a cause of action for someone upset about *draft* zoning regulations which have not been adopted by the BOCC. Further, K.S.A. 19-223 is not applicable when the subject matter of the appeal is a legislative type decision by a board. *Dutoit v. Bd. of Cnty. Comm'rs of Johnson Cnty.*, 233 Kan. 995, 998–99, 667 P.2d 879 (1983). Rather, K.S.A. 19–223 "affords jurisdiction only when a board of county commissioners has engaged in judicial or quasi-judicial action. *Id*. Finally, compliance with the notice and bond requirements in K.S.A. 19-223 are prerequisites to statutory jurisdiction. *Justice v. Board of Wyandotte County Comm'rs*, 17 Kan. App. 2d 102, 835 P.2d 692 (1992),

Plaintiff's fail to state a claim against the BOCC. Plaintiffs rely on K.S.A. 19-2964 which does not apply to Jackson County. Moreover, Plaintiffs are challenging a legislative action that has not occurred.

## B.      NEPA does not apply to Jackson County, Kansas.

NEPA applies to federal agencies undertaking "major *federal actions* significantly affecting the quality of the human environment". 42 U.S.C. § 4332(2)(C) (emphasis added). "The requirements of NEPA apply only when the *federal government's involvement* in a project is sufficient to constitute 'major federal action.'" *Village of Los Ranchos de Albuquerque v. Barnhart*, 906 F.2d 1477, 1480 (10th Cir. 1990). Only federal agencies are subject to NEPA, not states,cities, counties, or private parties. *See Martin v. Alabama Hist. Comm'n*, No. 2:13-CV-648-MEF, 2014 WL 28850, at *3 (M.D. Ala. Jan. 2, 2014); *Macht v. Skinner*, 916 F.2d 13, 18 (D.C. Cir. 1990) ("NEPA requires *federal agencies*—not states or private parties—to consider the environmental impacts of their proposed actions") (emphasis original); *Bradford Twp. v. Illinois State Toll Highway Auth.*, 463 F.2d 537, 540 (7th Cir. 1972) ("the procedural requirements of the National Environmental Policy Act are applicable only to federal agencies").

Jackson County is not an entity regulated by NEPA. 42 U.S.C. § 4332. Thus, the court

lacks subject matter jurisdiction as to Plaintiffs' claims against the BOCC.

### III.    Plaintiffs are not "aggrieved" parties under K.S.A. 12-760.  Jackson County has taken no final action subject to judicial review.

The Kansas Legislature enacted enabling legislation for the enactment of planning and zoning laws and regulations by cities and counties for the protection of the public health, safety and welfare." K.S.A. 12-741. "'Zoning' means the regulation or restriction of the location and uses of buildings and uses of land." K.S.A. 12-742(a)(10). Counties may adopt zoning regulations— the lawfully adopted zoning resolutions of a county." K.S.A. 12-742(a)(11). A BOCC can, by adoption of a resolution, may create a planning commission for the county. K.S.A. 12-744(a). A planning commission can "approve plats and make recommendations to the governing body on amendments to the zoning regulations affecting specific properties." K.S.A. 12-745.

> In Kansas, state statutes empower cities and counties to adopt zoning regulations. [K.S.A. 12-741 et seq. (2001).] Those regulations can both control the uses allowed for a particular property and impose substantive limitations, or development controls, on the uses that are allowed, including controls of the height and size of buildings, the size of yards and open spaces, and the appearance of buildings [See K.S.A. 12-753(a) (2001).] Zoning accomplishes its use restrictions and development controls by establishing base zoning districts and permitting case-by-case deviations through conditional or special uses, community unit and planned unit development plans, and variances.

Patrick B. Hughes, *What Can They Do? Limitations on the Power of Local Zoning Authorities*, J. Kan. B. Ass'n, January 2007, at 28, 29.

Review of city and county zoning decisions occur under K.S.A. 12-760, which allows any person aggrieved by a final zoning decision of the county or city governing body to "maintain an action in the district court … to determine the reasonableness of such final decision." *Keeney v. City of Overland Park*, 203 Kan. 389, Syl. ¶ 2, 454 P.2d 456 (1969); *Bodine v. City of Overland Park*, 198 Kan. 371, 385-86, 424 P.2d 513 (1967). Such an action is not an appeal, but is an action under K.S.A. Chapter 60, governed by the rules of evidence. *Keeney*, 203 Kan. at 392-93. The

issues the court can decide are limited to the reasonableness and lawfulness of the final decision. *Landau v. City Council of Overland Park*, 244 Kan. 257, Syl. ¶ 4, 767 P.2d 1290 (1989).

The amended complaint is clear, plaintiff's seek review of "draft" regulation which have not been adopted. *Doc. 22*, ¶¶ 82 ("County Defendants have sent the Solar Resolution to the Jackson County Planning Commission for review"), 117 n.107 (referring to "24-12-26 Draft Solar Resolution Version VII,"), 120 (same).

K.S.A. 12-760 permits an appeal of "the final decision of the city or county" by "any person aggrieved thereby … in the district court of the county to determine the reasonableness of such final decision." The amended complaint does not identify any final action by the BOCC. Plaintiffs cannot be an aggrieved party in the absence of a final decision. Thus, plaintiffs cannot show (1) injury in fact, (2) caused by the BOCC, and/or (3) that is redressable by an injunction by this Court.

**Conclusion**

 Keith Kelly, Mark Pruett, and Linda Gerhardt should be dismissed as the proper party, under K.S.A. 19-105, is the BOCC.

Without regard to the identity of the Jackson County Defendants, the Court lacks subject matter jurisdiction because plaintiffs lack Article III standing.

Further, the amended complaint fails to state a claim against the Jackson County Defendants because (1) K.S.A. 19-2964 does not apply to Jackson County, (2) NEPA does not apply to Jackson County, and (3) the BOCC has taken no final action by which plaintiffs might be an "aggrieved party" under K.S.A. 12-760.

The Jackson County Defendants therefore ask that the claims against them be dismissed both for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | tokeefe@fpsslaw.com

**s/David R. Cooper**

| | |
|---|---|
| David R. Cooper | #16690 |
| Timothy A. O'Keefe | #18525 |

*Attorneys for Jackson County Defendants*

## Certificate of Service

On March 6, 2025, the foregoing was e-filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Edward D. Greim, KS #21077
Chandler E. Carr, KS #26853
GRAVES GARRETT GREIM LLC | 1100 Main St., Ste. 2700 | Kansas City, MO 64105
Tel: (816) 256-3181| Fax: (816) 222-0534
edgreim@gravesgarrett.com
ccarr@gravesgarrett.com
**Attorneys for Individual Plaintiffs**

Christopher L. Peele, TX #24013308
David A. Nimocks
Michael C. Toth, TX #24100608
Benjamin S. Walton, TX24075241
PNT Law Firm | 206 Wild Basin Rd. S. | Bldg. A, Ste. 206 | Austin, TX 78746
Tel: (512) 522-4893| Fax: (512) 522-4893
chris@pntlawfirm.com
austin@pntlawfirm.com
mike@pntlawfirm.com
ben@pntlawfirm..com
**Attorneys Admitted *Pro Hac Vice* for Plaintiffs**

Stanley E. Oyler, #08925
Law Office of Stanley Oyler | 3503 Indian Hills Rd. | Topeka, KS 66614
Tel: (785) 221-9706 | Fax: (785) 273-1442
stan@oylerlaw.com
and
Chandler E. Carr (see above)
**Attorneys for Plaintiff City of Rossville**

s/**David R. Cooper**